### 23792. B. & W. HEN FARM, INC. v. GEORGIA POWER COMPANY et al.

CANDLER, Presiding Justice. On August 4, 1966, and pursuant to the provisions of Ch. 36-3 of the Code of 1933, Georgia Power Company served a notice on B. & W. Hen Farm, Inc. of its need for and its intention to acquire by condemnation an easement of right of way for electric distribution purposes on and over a tract of land it owned in Jackson County. Such notice stated that the company would condemn and thus acquire an easement of right of way to a described strip of land 100 feet wide and 824 feet long on and over its land; also the right of ingress and egress, at any and all times, to and from said right of way by the nearest and most practical route, using existing roads as far as possible for the purpose of constructing, inspecting, maintaining and rebuilding its transmission lines; and also the right and power by any action at law or in equity, by injunction, ejectment, or otherwise to prevent the erection, or after erection to cause the removal, of any building or other structures, except fences, on or *from* said right of way whether the defending party be a successor in title to the said condemnee or not. The company named Herman J. Cook as its assessor and called on the condemnee to name its assessor. The condemnee declined to name an assessor and on August 26, 1966, filed a petition in the Superior Court of Jackson County in which it prayed for an

injunction to prohibit the condemnor and its assessor from taking any further action in the former's condemnation proceeding on the ground that condemnor, under the notice given condemnee, could not legally acquire "the right of ingress and egress, at any and all times, to and from said right of way [the 100' wide strip] by the nearest and most practical route, using existing roads as far as possible" for the purpose of constructing, maintaining and rebuilding its electric line or lines; and on the ground that the condemnor, by its condemnation proceeding is seeking to condemn and thus acquire greater easement rights in condemnee's property than those allowed by law. Its petition was dismissed on general demurrer thereto and the appeal is from that judgment. *Held:*

1. In condemnation proceedings brought under Ch. 36-3 of the Code the only issue before the assessors or a jury on appeal is the amount of compensation to be paid for the property taken and neither the assessors nor a jury can determine whether the condemnor is proceeding legally. The remedy of the landowner is to apply to a court of equity to enjoin illegal proceedings. *Atlantic & B. R. Co. v. Penny,* 119 Ga. 479 (2) (46 SE 665); *Piedmont Cotton Mills v. Georgia R. &c. Co.,* 131 Ga. 129, 136 (3) (62 SE 52); and *Hogg v. City of LaGrange,* 202 Ga. 767 (44 SE2d 760).

2. The notice of an intention to condemn an easement in property which must be given under *Code* § 36-313 requires the condemnor to describe the property in which an easement is to be acquired with the same degree of definiteness as is required in a deed to land. *Gunn v. Georgia Power Co.,* 205 Ga. 85 (52 SE2d 449). An interest in the condemnee's property which the condemnor seeks to condemn in this proceeding is the right of ingress and egress on and over the condemnee's land which is not described in any way by the condemnation notice except as being "the nearest and most practical route, using existing roads as far as possible" to and from the 100-foot strip on which the condemnor seeks a right to locate its transmission line or lines. This description is wholly insufficient to be the basis of a valid condemnation proceeding for the right of way easement over the condemnee's lands thus sought to be acquired.

3. Section 36-801 of the Code of 1933 provides that power companies "shall have the right to purchase, lease or condemn rights-of-way or other easements over the lands of others in

order to run lines of wires . . . or for other uses necessary to said purposes." This section of the Code limits the interest in land which a power company can condemn for electric distribution purposes. The petition alleges that the power company by its condemnation proceeding seeks to acquire a greater interest in the condemnee's land than that which it is authorized by law to take. To this we agree. On acquisition of the easement which the power company seeks to acquire as a right of way for its transmission lines, the condemnee as the fee owner of the land involved will be entitled to use such land for any purpose not inconsistent with the full and complete enjoyment of the easement sought to be acquired. *Atlantic C. L. R. Co. v. Postal Tel. Cable Co.*, 120 Ga. 268, 276 (48 SE 15, 1 AC 734); *Town of Poulan v. Atlantic C. L. R. Co.*, 123 Ga. 605 (51 SE 657); *H. G. Hastings Co. v. Southern Natural Gas Corp.*, 45 Ga. App. 774, 779 (5) (166 SE 56); and *Clemones v. Alabama Power Co.*, 107 Ga. App. 489, 495 (3) (130 SE2d 600). Here the condemnor seeks a judgment which will thereafter prevent the condemnee from erecting on the premises involved any building or structure other than fences. Such an interest is broad enough to prohibit the condemnee as the owner of the fee from erecting on his land a building or structure which will not interfere in any way with the full and complete use of the easement rights which the condemnor seeks to acquire by its condemnation proceeding or after erection thereof to require their removal therefrom by any appropriate legal or equitable proceeding.

While one provision of the condemnation notice states that the land between the towers, frames and poles of the company's transmission lines on and over the condemnee's land may be used by the owner of such land or its assigns for agricultural or other purposes provided such use is not inconsistent with the interest sought to be condemned, yet a prior provision of the condemnation notice expressly prohibits the condemnee from placing a building or structure of any type or character on the premises involved except fences. By thus expressly spelling out in the notice the only purpose for which the condemnee may use its property after condemnation, namely fences, the use of it for a building or structure of any type or character by the condemnee will be a prohibited use; and

this is true even though it be a building or structure which would not interfere with or restrict in any way the purpose for which the power company expects to use such easement rights after acquisition and that provision in the notice which states that the condemnee or its assigns after acquisition of the easement rights sought to be condemned may continue to use the premises involved "for agricultural or other purposes, provided such use is not inconsistent with the rights sought to be condemned" is defined and its meaning is plainly expressed by the prior statement in the condemnation notice that the condemnee, after acquisition of such easement, will not be permitted to use the premises involved for any purpose except the erection of fences "on or from said right of way."

Conceivably the condemnee may in the future desire to place or erect structures or other improvements on such land which will not interfere with the full and complete use and enjoyment of the easement which the condemnor seeks to acquire by this condemnation proceeding and this, we hold, it should have a right to do.

Nothing here ruled is in conflict with the decision in *Georgia Power Co. v. Sullivan,* 217 Ga. 699 (124 SE2d 634). There the power company had conveyed to Sullivan a described tract of land reserving unto itself the right to erect and maintain electric transmission lines on and over the property so conveyed to him. Sullivan began the construction of a filling station directly under the power company's transmission lines and placed other buildings on such land. The power company sought and was denied a temporary injunction to prevent the erection and maintenance of such structures. We reversed that judgment on the ground that the evidence conclusively showed that the erection of such filling station and the maintenance of other structures on the land involved would interfere with and prevent the full and complete enjoyment of the easement which the power company had reserved in its deed to Sullivan.

The judgment appealed from, however, is affirmed on condition that the condemnor, appellee, in this case amend its notice within five days after the remittitur is filed with the clerk of the trial court by striking those two provisions of the condemnation notice pointed out and dealt with by us in this opinion. If such amendment is not offered, then the judg-

ment stands reversed. The costs of this appeal however are to be paid by the appellee in either event.

*Judgment affirmed on condition. All the Justices concur.*

ARGUED NOVEMBER 14, 1966—DECIDED DECEMBER 6, 1966—
REHEARING DENIED DECEMBER 20, 1966.

*Kenyon & Gunter, Julius M. Hulsey, William B. Gunter,* for appellant.

*Davis & Davidson, H. W. Davis, Troutman, Sams, Schroder & Lockerman, T. M. Smith,* for appellees.