26832.   CARTER v. WITHERSPOON.

486

ARGUED NOVEMBER 8, 1971—DECIDED DECEMBER 1, 1971—
REHEARING DENIED DECEMBER 17, 1971.

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.
*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright,* for appellee.

GRICE, Justice. The enumerations of error here grow out of an action to cancel a deed.

The plaintiff Lomie Lou Carter, as executrix of the grantor Henry T. Dasher, filed suit in the Superior Court of Lowndes County against John Emerson Witherspoon, the grantee of the deed. The complaint, in three counts, alleged in essence that at the time of execution of the deed the grantor was mentally incompetent; that he was unduly influenced to execute it; that its consideration was greatly inadequate; that it lacked any consideration whatever; and that it was fraudulently executed because the grantee did not then intend to do the things he promised the grantor he would do.

The defendant denied the essential allegations of the complaint, asserting that the deed was valid.

Prior to the trial the court denied the plaintiff's motion that this suit and two others be consolidated.

Upon conclusion of the evidence the court, upon the defendant's motion, directed a verdict in his favor.

Thereupon judgment was entered, which is the basis of this appeal.

Six enumerations of error and one motion are involved.

■ The enumeration complaining that the court erred in failing to allow testimony showing that the will of the deceased grantor was probated is not meritorious. What transpired as to that is wholly immaterial here, the issues being whether the deed is valid or invalid.

■ Likewise, it was not error to deny the plaintiff's motion to consolidate for trial the instant case with certain other cases filed by the plaintiff and pending in the same court. One of these was a suit in trover seeking to recover from this defendant certain personal property. The other was a suit on account against a third party for money allegedly due. It is not necessary to recite here the grounds asserted in support of this motion. A sufficient cause for its denial is that under the Civil Practice Act (*Code Ann.* § 81A-142 (a)) consolidation requires *consent* of the parties and here there was none.

■ The motion of the plaintiff that this court order the trial court to send up the pleadings of record in the trover and account cases referred to in Division 2 above and also the record in the probate of the grantor's will is denied. None of these are germane to this case.

■ There is no merit in the enumeration claiming essentially that the trial court erred in instructing counsel in the presence of the witnesses that they could testify to only what they observed as to how the deceased grantor acted or did, but not what he said except as against his interest, because any testimony other than that allowed under *Code* §§ 38-307 and 38-309 would be inadmissible; and that the trial would be conducted under these rules, citing *Fuller v. Fuller*, 213 Ga. 103 (97 SE2d 306). The foregoing was not a ruling of the court upon any specific offer of evidence by either of the parties. On the contrary it was a statement of law as to the application of the so-called "dead man's statute" (*Code* § 38-309). It did not prohibit the subsequent tender and allowance of admissible testimony.

■ Likewise invalid is the enumeration asserting that the trial court erred in refusing to allow in evidence a check signed by the grantor and tendered to an attorney then representing the grantor "to transfer his property back in his name from the defendant's name." The transcript shows that upon objection counsel offered to "connect it up" by another witness; and that thereupon the court stated "Suppose you wait until you do," and expressed the view that it was then somewhat "at loose ends."

There are several reasons why this enumeration is not valid. First, we do not construe the court's statement to be a ruling rejecting the evidence. Second, assuming this was a ruling it was a correct one since the transcript shows clearly that at that stage the check had not been identified so as to show its purpose and therefore its relevancy; and that at no time thereafter was it retendered. Third, the evidence was irrelevant. If, as later testified, the check was for services seeking reconveyance of the property approximately two years after execution of the deed involved here, this does not bear upon its validity when it was previously executed.

■ The court properly refused to admit into evidence the testimony of a witness to the effect that he and his wife accompanied the grantor to his safe deposit box from which he took a deed to the grantor's attorney; that his secretary copied its description; and that he observed the grantor write and tender a check to the attorney for payment for services "to have his deed to his property reconveyed back to his name." Obviously this involved conversations and was prohibited hearsay. Likewise, as in Division 5 above, it was irrelevant as to the issue of the validity of the deed when executed.

■ Finally, direction of the verdict in favor of the defendant was proper. The evidence, with all reasonable deductions or inferences therefrom, demanded such a verdict. A combing of the transcript shows no evidence whatever to support any of the grounds for setting aside the deed in question.

We find no error.

*Judgment affirmed. All the Justices concur.*