## 46824.   NODVIN v. GEORGIA POWER COMPANY.

Argued January 10, 1972—Decided March 1, 1972—
Rehearing denied March 28, 1972.

*Stanford & Stanford, E. H. Stanford, Marvin P. Nodvin, Ira S. Zuckerman,* for appellant.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr., Hutcheson, Kilpatrick, Watson, Crumbley & Brown, Lee Hutcheson,* for appellee.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, F. Edwin Hallman, Jr., Deputy Assistant Attorney General,* amicus curiae.

Hall, Presiding Judge. 1. Condemnee contends initially that each and every action taken in the special master proceeding is void because Georgia Power Company is not empowered to use that form of condemnation proceeding. He contends that *Code* § 36-811 (when and how power companies may condemn) authorizes only those procedures of Chapters 36-2 to 36-6, and that *Code Ann.* § 36-602a (special master as cumulative of other methods) refers only to use by governmental bodies.

The power company and the Attorney General, who appeared as amicus curiae, contend that the 1967 amendment to *Code Ann.* § 36-601a (definition of condemning body) expresses the clearest legislative intent on the subject. This

amendment added to the definition the words "all other persons, firms and corporations possessing the right or power of eminent domain." *Code Ann.* § 36-603a, enacted in 1957, empowers a "condemning body" to use the procedure the Chapter sets out. Chapter 36-8, conferring the power of eminent domain on power companies was enacted in 1897. While the legislature could also have amended §§ 36-811 and 36-602a in 1967, leaving absolutely no room for construction, we believe the general intent to confer the use of the special master proceeding on private companies is clear, and any apparent conflicts can be harmonized to effect this intent. *Cason v. Harn,* 161 Ga. 366 (2) (131 SE 88).

2. Condemnee also contends that since Chapter 36-6A contains no rules concerning the time and manner of filing defensive pleadings, the rules of the Civil Practice Act govern; therefore, his answer, counterclaim and motions filed within thirty days of service were timely.

*Code Ann.* § 81A-181 provides: "This Title shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law."

Condemnation is a special statutory procedure and *Code Ann.* § 36-605a provides that upon petition, the superior court shall make an order requiring all persons concerned to appear before a special master, between 10 and 15 days from service, to make known all matters material to their rights. The petition and order serve as all necessary process. The court may also order a continuance for good cause. *Code Ann.* § 36-611a.

We believe this sets up a specific rule of practice and procedure, especially in view of the stated purpose of the chapter, i.e., "to provide a simpler and more effective method of condemnation" where there is a "necessity for a quick determination" or where, for several reasons, a judicial supervision is desirable. *Code Ann.* § 36-602a. It is well established that all legal issues relating to the condemnation may be raised and determined in the special master proceeding. If no exceptions are taken to the master's find-

ings or no regular appeal taken from the judgment based on his award, the only issue remaining is that of value. *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884, 20 ALR3d 1066); *Johnson v. Fulton County,* 103 Ga. App. 873 (121 SE2d 54); *State Hwy. Dept. v. Thomas,* 115 Ga. App. 372 (154 SE2d 812); *Wiggins v. City of Macon,* 120 Ga. App. 197 (169 SE2d 667).

It seems clear that where there has been a final adjudication in a proceeding *designed* to be expeditious, a party may not later tender an answer to the petition under general rules of civil practice. The time for the filing of defensive pleadings (as opposed to their sufficiency) is governed by the duration of the special statutory procedure.

Here the condemnee appeared at the hearing and raised only the question of compensation. He did not except to the master's findings or appeal from the judgment of condemnation. Rather, he entered the usual appeal to a jury on value and then attempted to raise certain legal issues by way of answer, counterclaim and motion. The issues were raised too late. The trial court did not err.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*