30353. COFFEE v. ATKINSON COUNTY.

GUNTER, Justice.

Atkinson County filed an action to condemn land for road purposes pursuant to the Code of Public Transportation, Code Ann. Ch. 95A-6. Estimated compensation was deposited in court, and title vested in the county. Code Ann. § 95A-605 (b). The appellant then sought by proper pleadings, pursuant to Code Ann. § 95A-607, to annul and set aside the declaration of taking. The trial judge then, after a hearing, entered a judgment

denying the relief sought by the appellant, and she has now come here for review of that judgment.

Several errors are enumerated but in essence they boil down to two complaints: (1) there was no necessity for the taking of the property, and its taking by the county was unconstitutional; and (2) the procedures for taking property pursuant to the provisions of the Code of Public Transportation are unconstitutional.

Code Ann. § 95A-605 (a) provides that an order of the condemning authority declaring that it is necessary to take the subject property must be annexed to the declaration of taking. This statutory provision also provides: "Such an order of the . . . governing authority shall be conclusive as to the use of the property condemned, as well as the authority to condemn under the provisions of this Chapter." Code Ann. § 95A-607, with respect to responsive pleadings by the property owner, provides: "The power of the court . . . shall not be construed as extending to a determination of questions of necessity, but there shall be a prima facie presumption that the property condemned is taken for and is necessary to the public use provided for in this Chapter . . ."

The Georgia Constitution provides that the right of eminent domain shall never be abridged. Code Ann. § 2-2501. The General Assembly has provided that the determination made by a condemning authority that it needs property for public road purposes is not subject to question, or is not subject to a different determination by others, unless the determination made by the condemning authority is birthed by fraud or bad faith on the part of the condemning authority. See *Pye v. State Hwy. Dept.*, 226 Ga. 389 (6) (175 SE2d 510) (1970); *Dept. of Transportation v. Livaditis,* 129 Ga. App. 358 (199 SE2d 573) (1973); and *Dept. of Transportation v. Foremost Realty, Inc.,* 135 Ga. App. 377 (218 SE2d 41) (1975).

The reasons that the determination by the condemning authority of the "necessity for taking" must be conclusive, absent fraud or the patent exercise of bad faith, are: (a) such determination necessarily involves an exercise of judgment, and (b) the owner will, in any event, be paid just and adequate compensation, fixed by adversary proceedings in our judicial system, for the

property taken.

With respect to the procedures for taking property established by the Code of Public Transportation, they are adequate for the protection of the rights of condemnees, and they do not, as contended, offend the Due Process Clause or the Equal Protection Clause of the Federal Constitution or the Georgia Constitution.

The judgment below was correct.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 19, 1975 — DECIDED FEBRUARY 11, 1976.

*Jack J. Helms,* for appellant.

*Sumner & Mitchell, Douglas W. Mitchell, III,* for appellee.