57437. DEPARTMENT OF TRANSPORTATION v. FORRESTER et al.
57438. DEPARTMENT OF TRANSPORTATION v. ANSLEY et al.
57439. DEPARTMENT OF TRANSPORTATION v. FERGUSON et al.
57440. DEPARTMENT OF TRANSPORTATION v. IRVIN.

BIRDSONG, Judge.

In a prior appearance of these condemnation cases, we held that the notices of appeal to a jury were filed too late as they were filed more than thirty days from the date of personal service of the petition and declaration of taking on the respective condemnees; and we reversed the judgments of the trial court which refused to dismiss the appeals. *Dept. of Transp. v. Brooks*, 143 Ga. App. 872 (240 SE2d 163). Subsequently, the condemnees filed motions to open default under CPA § 55 (b) (Code Ann. § 81A-155 (b)). After a hearing, the trial court granted the motion. We granted the appellant condemnor's application for interlocutory review. The sole issue is whether under

CPA § 55 (b), supra, a trial court has discretion to open defaults in condemnation proceedings conducted under Code Ch. 95A-6. *Held:*

Condemnation is a special statutory procedure. *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821 (189 SE2d 118). CPA § 81 (Code Ann. § 81A-181) provides: "This Title shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law . . . " Code § 95A-609 provides in part: " . . . If no appeal is filed, as provided for in section 95A-610, the condemnor shall, at the next term of the superior court convening not earlier than 30 days subsequent to the date of service, as provided for in section 95A-606, or at any time thereafter, pay all accrued court costs in said case to the clerk of the superior court in which the same is pending, at which time the judge of the superior court shall enter up judgment in favor of the condemnee and against the condemnor for the sum of money deposited by the condemnor with the declaration of taking . . ." This quoted portion of the condemnation statute sets up a specific rule of practice and procedure in condemnation proceedings under Code Ch. 95A-6. See *Nodvin,* supra. It is in direct conflict with the broad discretionary powers granted a trial judge under CPA § 55 (b). Here, a timely notice of appeal was never filed in any of these cases which is tantamount to no appeal. On the occurrence of this event and on required payment of the accrued costs by the condemnor, the trial court "shall enter up judgment." This plain and explicit statutory language leaves no room for the exercise of any discretion by a trial judge on whether to allow an otherwise defaulting party to exercise a right that he failed to claim within time prescribed by law. In short, CPA § 55 (b) does not apply to a condemnation proceeding under Code Ch. 95A-6.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED MARCH 13, 1979 — DECIDED APRIL 13, 1979 —

*Millard B. Shepherd, Jr., Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General,* for appellant.

*Griggs & Butterworth, James N. Butterworth, Bruce S. Harvey,* for appellees.