34833. DEPARTMENT OF TRANSPORTATION v. RIDLEY et al.

UNDERCOFLER, Presiding Justice.

In this certiorari, we examine service in public transportation condemnation actions. Code Ann. Ch. 95A-6. The Court of Appeals held that the "personal service" required under this Act, Code Ann. § 95A-606, did not include all the variations provided in the Civil Practice Act, Code Ann. § 81A-104 (d), but mandated that the condemnee be handed the petition individually. *Dept. of Transportation v. Ridley,* 149 Ga. App. 16 (253 SE2d 563) (1979). We disagree and reverse.

Service in this case was performed by handing Mrs. Grace Ridley three copies of the condemnation petition; one each for herself, her minor daughter, and her adult

son. They filed their notice of appeal more than thirty days later. The trial court, which was affirmed by the Court of Appeals, found service on the son insufficient and refused to grant DOT's motion to dismiss the appeals. *Knight v. Dept. of Transportation,* 134 Ga. App. 332 (214 SE2d 418) (1975).

We do not find, as does the Court of Appeals, that the General Assembly manifested an intention to modify the service requirements of the CPA when it afterward adopted the Georgia Code of Public Transportation provision that a notice of appeal must be filed "not later than 30 days following the date of the service *as provided for in section 95A-606* . . ." (Emphasis supplied.) Code Ann. § 95A-606 merely requires that "the petition and declaration shall be served upon such persons *personally* . . ." (Emphasis supplied.) Since personal service as defined in the CPA, Code Ann. § 81A-104 (d), is not in conflict with this requirement, the proviso language of Code Ann. § 81A-181,[1] relied on by the Court of Appeals, is inapposite.[2] Under Code Ann. § 81A-104 (d) (7),[3] service upon the adult son's mother at their residence satisfies the personal service requirement. The Court of Appeals erred in affirming the trial court's denial of DOT's motion to dismiss.

---

[1]"This Title [the CPA] shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law."

[2]Since we find no conflict between the special statutory provisions and the CPA, the "latest expression of the legislature rule," *Critz Buick Inc. v. Aliotta,* 145 Ga. App. 805 (245 SE2d 56) (1978) is inapplicable. Compare *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821 (189 SE2d 118) (1972).

[3]"Personal service . . . Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: . . . (7) In all other cases to the defendant personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, . . ." Code Ann. § 81A-104 (d).

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 11, 1979 — DECIDED JUNE 27, 1979 — REHEARING DENIED JULY 17, 1979.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Warren N. Coppedge, Jr.,* for appellant.
*Little & Adams, Robert B. Adams,* for appellees.