## 37541. DORSEY et al. v. DEPARTMENT OF TRANSPORTATION.

CLARKE, Justice.

This is an appeal by the condemnees from the denial of an injunction against the Georgia Department of Transportation (hereinafter DOT) as condemnor of certain parcels of land owned by the condemnees. On April 30, 1980, the DOT filed a declaration of taking for transportation purposes pursuant to Code Ann. § 95A-605, seeking to condemn one parcel of condemnees' land in fee simple and to obtain a "temporary construction easement" on an adjoining parcel also owned by condemnees. Estimated just and adequate compensation monies were paid into court.

Within 30 days of service, the condemnees filed a notice of appeal and pursuant to Code Ann. § 95A-607 filed a petition to set aside, vacate and annul the declaration of taking, together with any title acquired, on the ground the attempted taking of a "temporary construction easement" with no further description of the nature of the easement or its duration, failed to conform to the requirements of Code Ann. § 95A-605 (a). Specifically, the condemnees alleged that the improper declaration of taking constitutes an improper use and

an abuse or misuse of the powers of Chapter 95A-6 as set forth in § 95A-607 (b) and (c).

The trial court held that the declaration of taking as related to the construction easement failed to meet the requirements of § 95A-605 in that it did not describe the nature and extent of the taking, the duration, nor did it describe any uses or exclusive uses which would interfere with the rights of the condemnees to also use the property. However, the trial court did not set aside the taking and the title acquired, but ordered that the department amend its declaration of taking within 30 days or it would stand dismissed. The department filed an amendment signed by its attorney alleging that under the construction easement the buildings on the property would be torn down, the lot would be excavated and then filled to return it to present grade, and that the easement would continue for four years, the duration of the project, unless an extension became necessary. Condemnees objected to the amendment contending that it was a nullity since § 95A-605 (a) requires declarations of taking to be signed by the commissioner or deputy commissioner of the department. A second amendment signed by the commissioner was then filed.

The condemnees moved to strike the amendments on the grounds that Chapter 95A-6 is a special statutory procedure and the provisions of Code Ann. § 81A-115 cannot be applied to amend a declaration of taking, and that even if an amendment were allowed, the one filed did not meet the requirements of Code Ann. § 95A-605. The court held the amendment was proper and that under Code Ann. § 81A-115 (c) it related back to the filing of the original petition.

The DOT then moved the court for an order of possession and the condemnees filed a motion to enjoin delivery of possession to the condemnors contending that once the court had found the declaration defective, the only relief available was to set the declaration aside under Code Ann. § 95A-607. The prayer for injunction was denied and delivery of possession was granted to the DOT.

The condemnees appealed and we granted their motion for supersedeas of the trial court's order and expedited this appeal.

Code Ann. § 95A-605 (b) provides that when the declaration of taking is filed and estimated compensation is paid into court "title to said land in fee simple absolute, or such lesser interest as is specified in said declaration, shall vest in the condemnor and said land shall be deemed to be condemned and taken for the use of the condemnor; and the right to just compensation for the same shall vest in the persons entitled thereto: Provided, however, that nothing herein contained shall be construed so as to deprive the property owner of due process of law as guaranteed to every such person by the

Constitution of this State and of the United States." The appellants contend that since title vests on filing, the amendment cannot relate back and divest a condemnee of title as of the time the defective declaration was filed. Since condemnation is a special statutory proceeding they argue that the court erred in applying § 81A-115.

Code Ann. § 81A-181 provides that the Civil Practice Act "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law, but, in any event, the provisions of this Title governing the sufficiency of pleadings . . . shall apply to all such proceedings." The department-condemnor contends that the declaration is a pleading which is governed by the CPA and that under Code Ann. § 95A-614 the trial court was empowered to order the filing and relation back of an amendment under § 81A-115 (c). The department also relies on our decision in *Leach v. Ga. Power Co.,* 228 Ga. 16 (183 SE2d 755) (1971), wherein we held that a petition for condemnation under the Special Master Act, Code Ann. § 36-6A could be amended by the condemnor to make a more specific description of the right of way to be condemned.

The decision in *Leach* is not based upon an application of the Civil Practice Act, but relies on *B. & W. Hen Farm v. Ga. Power Co.,* 222 Ga. 830 (152 SE2d 841) (1966). The amendments in these cases were made prior to the condemnees being divested of title. Due to the special nature of condemnation cases in general, it has been held that the CPA did not apply to certain procedures of the Special Master Act (Chapter 36-6A), *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821 (189 SE2d 118) (1972), nor to specific proceedings under Chapter 95A-6, *Department of Transp. v. Forrester,* 149 Ga. App. 647 (255 SE2d 115) (1979), although provisions of the CPA may be applied if not in conflict with the condemnation act, *Department of Transp. v. Ridley,* 244 Ga. 49 (257 SE2d 511) (1979).

In assessing the nature of the proceedings under Chapter 95A-6 it becomes obvious that the general notion of notice pleading under our Civil Practice Act does not apply to condemnation proceedings. The petition is not a mere pleading but an instrument which passes title when filed and just and adequate compensation is paid into court under Code Ann. § 95A-605 (b). The petition must be signed by the commissioner or deputy commissioner of the department and must contain necessary plats, descriptions of the land, description of the interest in lands, and an appraiser's sworn statement justifying the amount of estimated compensation. This court held in *Coffee v. Atkinson County,* 236 Ga. 248 (223 SE2d 648) (1976), that the procedure for taking property under Chapter 95A-6 does not offend the due process guarantees of either the state or federal constitutions.

However, to ensure due process to the property owner, the statute must be strictly conformed to by the condemning body.

We agree with the position of the condemnee that a declaration of taking which does not conform to the dictates of § 95A-605 cannot vest title to the land in the condemnor. We also agree that a later amendment cannot relate back under Code Ann. § 81A-115 (c) so as to cure the defect and affect a vesting of title as of the date the original declaration petition was filed. However, we do not hold, as urged by the condemnees, that the only relief available is for the court to vacate and annul the entire proceeding and dismiss the condemnation.

Code Ann. § 95A-614 provides that "All questions of law arising upon the pleadings or in any way arising from the cause, subsequent to the filing of the declaration of taking and the deposit of the funds, and subsequent to the filing of the notice of appeal, if any, shall be passed on by the presiding judge who may, from time to time, in term or vacation, make such orders and give such decisions as are necessary to speed the cause, and as may be consistent with justice and due process of law." Under this provision the trial court would have the authority to order the condemnor to amend the declaration of taking if it is found to be defective. Such amendment must conform to § 95A-605 if it is to have the effect of vesting title in the department. The trial court in this case allowed the filing of an amendment, signed by the commissioner which describes the length and effect of the easement on the parcel in question. We affirm his ruling that the amended declaration sufficiently describes the nature of the easement and hold it was proper for the trial court to order an amendment rather than setting aside the original declaration. However, the amended declaration could only vest title in the condemnor at the time of the amendment, and not relate vesting back to the time of the original declaration.

The possibility of a condemnor reaping a benefit from having filed a faulty declaration of taking should be avoided. We therefore hold that for the purpose of determining the value of the land taken or consequential damages to land not taken, the condemnee shall have the right to elect whether the date of taking is the date of the filing of the original declaration of taking or the date of the filing of the amendment. The trial court should establish a reasonable time after the filing of the amendment within which such election shall be made and filed in written form with the court as are other pleadings.

Since § 95A-605 (a) requires an appraiser's justification of estimated compensation to be filed with the declaration of taking, and since the right to that compensation vests in the condemnee at the time it is paid into court, we find that along with the amendment

to the declaration, an amendment to the justificatiton of just and adequate compensation should also be filed by condemnor. Since the original declaration did not state that buildings would be torn down on the parcel where the department is acquiring its temporary construction easement, it is impossible to tell if this fact was known to the appraiser and encompassed in the estimated compensation.

The judgment of the trial court allowing amendment to the declaration is affirmed, and the holding that it may relate back under Code Ann. § 81A-115 (c) is reversed. The case is remanded with direction that the department also amend its justification of compensation under § 95A-605 (a) (5).

*Judgment affirmed in part, reversed in part and remanded with direction. All the Justices concur.*

DECIDED JULY 8, 1981 — REHEARING DENIED JULY 24, 1981.

*Mitchell, Clarke, Pate, Anderson & Wimberly, Paul H. Anderson,* for appellants.
*Parks, Jackson & Howell, Lenwood A. Jackson,* for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing, the condemnees seek clarification of the terms "date of the filing of the amendment" for purposes of electing which time shall operate as the date of taking in determining damages. In future cases, an amendment to justification of compensation will be filed contemporaneously with, and as a part of, an amendment to a declaration of taking. Under the facts of this case, the date for estimating value and determining damages will be at the time the justification is amended upon remand.

*Motion for rehearing denied.*