### 68931, 68932. DEPARTMENT OF TRANSPORTATION v. DEFOOR et al. (two cases).
#### (325 SE2d 863)

SOGNIER, Judge.

The sole issue before this court is the Department of Transportation's appeal from an order of the Superior Court consolidating two condemnation proceedings instituted by DOT against one tract of land owned by appellees.

It is uncontroverted that the property is one tract, with continuous borders and a connecting roadway. The apparent rationale behind the DOT's institution of two separate condemnation proceedings lies in the irregular shape of the tract which results in the property connecting with the DOT's construction site at two different points.

We affirm the trial court's order consolidating the two condemnation proceedings. Whether it is appropriate to consolidate two cases

depends upon the use of the property. See *Gaines v. City of Calhoun*, 42 Ga. App. 89 (2) (155 SE 214) (1930). There is some indication in the record that the entire property has a common use, and, should that be so, appellees are entitled to the consequential damages calculated as resulting to the whole of the property rather than to separate parcels. To otherwise allow two different actions to be brought regarding this one property could result in great harm and injustice to the condemnees' substantive rights.

The trial court has the authority to order consolidation under OCGA § 32-3-17.1 which provides that the judge "may . . . make such orders and give such directions as are necessary to speed the cause, *and as may be consistent with justice and due process of law* . . . ." (Emphasis supplied). The trial court exercised this authority in its order granting the motion for consolidation, stating that "the *interests of justice and of judicial economy will be served* by having a single trial for the determination of the value of the property taken in both cases and for the determination of the total consequential damages to the entire property of the condemnees remaining after the takings in both cases by reason of such takings." (Emphasis supplied.)

DOT contends that the Civil Practice Act's consolidation rules govern here and that the trial court erred by ordering the two condemnation proceedings to be consolidated without the consent of all parties involved. We do not agree with DOT's argument because we do not find Section 42 of the Civil Practice Act (OCGA § 9-11-42) to be the controlling law here. The Civil Practice Act specifically provides that where its requirements conflict with those of a special statutory proceeding, the *latter* controls: "This chapter shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; but, in any event, the provisions of this chapter governing the sufficiency of pleadings, defenses, amendments, counterclaims, cross-claims, third-party practice, joinder of parties and causes, making parties, discovery and depositions, interpleader, intervention, evidence, motions, summary judgment, relief from judgments, and the effect of judgments shall apply to all such proceedings." OCGA § 9-11-81.

Our Supreme Court and this court have recognized that the requirements of the condemnation act override *all* provisions of the Civil Practice Act in conflict with the condemnation act's special purposes. In discussing the sufficiency of a pleading, a declaration of taking in a condemnation action, the Supreme Court stated: "Due to the special nature of condemnation cases in general, it has been held that the CPA did not apply to . . . specific proceedings under Chapter 95A-6 [present OCGA § 32-3-1 et seq.] (Cit.), although provisions of

the CPA may be applied *if not in conflict with the condemnation act,* (Cit.)" *Dorsey v. Dept. of Transp.*, 248 Ga. 34, 36 (279 SE2d 707) (1981). (Emphasis supplied.) See *Dept. of Transp. v. Forrester*, 149 Ga. App. 647 (255 SE2d 115) (1979); *Nodvin v. Ga. Power Co.*, 125 Ga. App. 821 (189 SE2d 118) (1972). In the case sub judice, a conflict exists between OCGA § 9-11-42 (a) of the Civil Practice Act and OCGA § 32-3-17.1 of the condemnation act. OCGA § 9-11-42 (a) requires the consent of all the parties before any consolidation of actions can be effectuated. The provision of the Civil Practice Act in this case conflicts with the trial court's broad powers contained in OCGA § 32-3-17.1 to take what action is necessary in condemnation proceedings to promote justice and due process. Because of the conflict between OCGA § 9-11-42 (a) and OCGA § 32-3-17.1, the Civil Practice Act mandates that the special statutory provisions of the condemnation act control, OCGA § 9-11-81, and thus the trial court had the authority to order consolidation of the two condemnation proceedings.

There is sufficient indication in the record that the trial court properly exercised its power under OCGA § 32-3-17.1 when it consolidated the two actions involving one tract in order to promote justice and due process and avoid the miscarriage of justice. In the absence of a showing of any abuse of discretion by the trial court, we affirm.

*Judgment affirmed. Birdsong, P. J., Pope and Benham, JJ., concur. Beasley, J., concurs specially. McMurray, C. J., Deen, P. J., Banke, P. J., and Carley, J., dissent.*

DECIDED DECEMBER 5, 1984 —
REHEARING DENIED DECEMBER 20, 1984 —

*Michael J. Bowers, Attorney General, James P. Googe, Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, John R. Strother, Jr., J. Matthew Dwyer, Jr., Special Assistant Attorneys General, William W. White, for appellant.*

*Frank Love, Jr., Paul H. Anderson, Sr., Christopher G. Knighton, for appellees.*

BEASLEY, Judge, concurring specially.

I agree that the trial judge had authority under OCGA § 32-3-17.1 to consolidate the cases for trial despite the consent nominally required by OCGA § 9-11-42 (a), and that the trial court did not abuse the discretion vested in it by OCGA § 32-3-17.1. However, I disagree that the two code sections are in conflict. Upon an application of the rule which requires that statutes be construed if possible so as to find no conflict and give application to both, I find that one is

not abrasive of the other. *Central of Ga. R. Co. v. State of Ga.*, 104 Ga. 831, 842 (2) (31 SE 531) (1898); *McPherson v. City of Dawson*, 221 Ga. 861, 862 (148 SE2d 298) (1966).

The Department of Transportation, to widen Roswell Road, condemned two narrow and separate strips from one large parcel owned by appellees in both of these cases. It decided to bring two separate actions and thus filed petitions and declarations of taking two days apart. It contends that it exercised its judgment in deciding to proceed this way because:

(1) A parcel of land owned by others comes in between the two taken strips and, although the two are part of a linked piece, the link is "small" and "quite some distant from" the two taken pieces so this situation "logically dictated treatment" of the two as two "distinct parcels";

(2) Each taking was "but of a small strip along the road frontage";

(3) There were different lessees with different interests in each case.

So, it says, it decided to proceed separately "to substantially reduce complexity in each case." Of course, ordinarily the court should not interfere in this judgment call, because a party should be given free access to the court to present its case as it sees fit.[1]

The parties agree on the basic facts here with respect to the land and interests involved. DOT took a 300-foot strip and a 105-foot strip along the roadway from a parcel which was linked by a piece 30 feet wide and 130 feet long at the rear of the property, beginning at some 397 feet from the front. The owners sought to consolidate the case involving the longest strip, where two tenants as well as the owners appealed from the award, with the case involving the shortest strip, where only the owners appealed. They claim that this would not render the trial more complex, but instead would obviate the time and expense of a second and largely repetitive jury trial on the shorter strip. They also contend the cases must be consolidated to serve justice "because this is the only way the consequential damages to their remaining property resulting from both strip takings and the closing off of Old Ivy Road from Roswell Road could be fairly determined."

After hearing on the motions to consolidate for trial the two ac-

---

[1] DOT claims this arises out of OCGA § 32-3-11 and *City of Atlanta v. First Nat. Bank of Atlanta*, 246 Ga. 424 (271 SE2d 821) (1980). However, that relates to the taking and not to the procedure provided for ascertaining just compensation when the amount determined by it is challenged. Regardless of the basis, however, the principle is the same and the court will not tell a petitioner to proceed in one suit rather than two, absent some statutory authority for doing so.

tions before a single jury, the trial court exercised its discretion and found that: "The interests of justice *and* of judicial economy will be served by having a single trial for the determination of the value of the property taken in both cases and for the determination of the total consequential damages to the entire property of the condemnees remaining after the takings. . . ." (Emphasis supplied.)

This is a condemnation case which is governed by the special procedure set out in OCGA Title 32, Chapter 3 and generally referred to as the Georgia Code of Public Transportation. See *Dept. of Transp. v. Olshan*, 237 Ga. 213 (227 SE2d 349) (1976). While that scheme sets out the substantive matters which can be brought into issue in challenges which seek to set aside, vacate, or annul a declaration of taking (OCGA § 32-3-11), it does not cover the matters of procedure governed by the Civil Practice Act. However, it embraces such issues of procedure, in that it provides: "(b) the power of the court . . . shall be restricted to the following questions: . . . (4) such other questions as may properly be raised, including the question of whether or not this article has been invoked in some respect beyond the privileges conferred by this article or by an unauthorized agency, county, or municipality."

According to the Civil Practice Act, a question which may be raised involves consolidation of one action with another, as provided in OCGA § 9-11-42 (a): "When actions involving a common question of law or fact are pending before the court, if the parties consent, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

OCGA § 32-3-17.1 does not preclude the court from making procedural rulings, and the scheme set out in the chapter expressly gives the trial court authority to do so: "All questions of law arising upon the pleadings or in any other way arising from the cause, subsequent to the filing of the declaration of taking and the deposit of the fund, and subsequent to the filing of notice of appeal, if any, shall be passed on by the presiding judge who may, from time to time, in term or vacation, make such orders and give such directions as are necessary to speed the cause, and as may be consistent with justice and due process of law; but no jury trial shall be had except in open court."

This authorized the trial judge to pass on the motion for consolidation. OCGA § 9-11-42 provides that the court "may" order a joint trial. It is a matter of discretion. *Maslia v. DiMauro*, 232 Ga. 546 (207 SE2d 509) (1974).[2] OCGA § 32-3-17.1 provides that the court "may

---

[2] The nature of the court's case management discretion under CPA § 9-11-42 is set out in

. . . make such orders and give such directions. . . ." Of course, as pointed out in Judge Carley's dissent, the legislature expressly limited consolidation to those cases where the parties consent and here, DOT has steadfastly refused to do so even though the actions involve common questions of law and fact, substantially the same parties, and identically the same remaining parcel of land.[3]

Thus the question before the trial court was whether there was a higher or more pressing interest to be served than the interest of DOT in refusing to consent.[4] That is, it was bound to exercise the powers provided for in OCGA § 32-3-17.1, which expressly pinpoints the legislative desire that condemnation proceedings be speedy (see *Dept. of Transp. v. Olshan*, supra at 216-217 which supports an orderly and consolidated procedure), and that is one of the intendments of the CPA's consolidation provision as well. I cannot say that the trial court abused its discretion in finding that one trial would be speedier than two in this case. But that would still not authorize consolidation without DOT's consent.

OCGA § 32-3-17.1 also provides that the court may make such orders and give such directions as may be consistent with justice and due process of law. Here the landowners have an arguable claim that their consequential damages to the remaining property will not be adequately evidenced or understood unless the jury considers the effect on it of the two bites taken out at essentially the same time by DOT. The other dissent recognized this, and I agree. What we are balancing here, and what the trial court balanced pursuant to its authority in OCGA § 32-3-17.1, was the constitutional right of the landowners to just and adequate compensation, which includes consequential damages to their remaining property, against the DOT's preference to try

---

*Wheels & Brakes v. Capital Ford Truck Sales*, 167 Ga. App. 532, 533-534 (1) (307 SE2d 13) (1983). It holds that "Severance is largely a matter of discretion for the trial judge, and absent clear and manifest abuse of that discretion, it will not be interfered with on appeal. OCGA § 9-11-42 (cits). Where, as in the instant case, the issues were not complex and were so closely related that essentially the same evidence would be presented in the trial of the original complaint and the counterclaim, judicial economy would dictate that they should be tried together . . . The court has similar discretion regarding whether to order a bifurcated trial for trying the issues of liability and damages. . . ." This same degree of discretion would apply to consolidation, given consent or, as here, the absence of consent but the presence of an overriding constitutional right.

[3] I cannot agree with the opinion in Judge Carley's dissent that there is room for construing "if the parties consent" only as applying to the "joint hearing" provision. It must apply to all three authorizations because the two following the first semicolon state what the court may do but only given the predicate "when actions involving a common question of law or fact are pending before the court, if the parties consent." That is to say, when the predicate is present, the court may do any of the variety of things set out following that predicate.

[4] *Pugh v. Pou*, 238 Ga. 450 (1) (233 SE2d 198) (1977) is another instance of consolidation without consent of the appellants, wherein the action of the trial court was affirmed. So it cannot be said that there can *never* be consolidation absent consent of the parties.

the awards for the taking of the two bites or strips separately.

As a matter of fact, DOT even on appeal repeatedly points out that just and adequate compensation to the landowners is the ultimate goal here: "The Code of Public Transportation was originally enacted in 1973, both in order to streamline the acquisition procedures of State Department of Transportation and *also to insure justice and fairness to the landowners.* (Emphasis supplied.) "[T]he sole issue subject to determination by the trial court . . . is the issue of just and adequate compensation. OCGA § 32-3-17 . . . '[T]he sole issue shall be *as to the amount of just and adequate compensation.'* " (Emphasis supplied by DOT).

DOT quotes also from *Dept. of Transp. v. Franco's Pizza & Deli,* 164 Ga. App. 497, 498 (297 SE2d 72) (1982).

The landowners have a constitutional right to just and adequate compensation for their land. The 1983 Georgia Constitution provides: "Except as otherwise provided in this Paragraph, private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Art. I, Sec. III, Par. I (a).

The landowners also have a constitutional right to due process of law: "No person shall be deprived of life, liberty, or property except by due process of law." 1983 Ga. Const., Art. I, Sec. I, Par. I.

What the landowners are saying here is that they would not get just and adequate compensation in terms of the damage to their remaining land unless the effect of both takings can be considered together.

DOT has set out the reasons it determined to bring two separate petitions and presumably for refusing to consent to consolidation. None of these reasons would justify withholding consent when the result would be the deprivation of a fair opportunity to show actual consequential damages. The trial court thus was required to determine whether "justice and due process of law" authorized it to find that the consent could not be withheld in the circumstances. DOT's procedural preference should give way to the more fundamental constitutional rights of the landowners, and the trial court cannot be said to have erred in making that judgment.[5]

Of course, it was not necessary for the court to consolidate the trials in toto. As provided by OCGA § 9-11-42 (a), it could have or-

---

[5] *Carter v. Witherspoon,* 228 Ga. 485 (2) (186 SE2d 534) (1971) makes clear that consolidation requires consent of the parties, but that case involved a claim of error where the plaintiff's motion was for the consolidation of totally unrelated cases. One was a suit in trover seeking to recover certain personal property and the other a suit on an account against a third party for money allegedly due. Without going into the grounds supporting the motion, the court cut it off by saying there was no consent. The instant case is different because the basis for consolidation which overrides the declaration to consent is the constitutional right to just and adequate compensation.

dered a joint hearing of only some of the matters in issue rather than considering only a consolidation of the entire and total actions. It could have allowed the trials to proceed separately and sequentially with the same jury, reserving the question of consequential damages until after the trials on the other issues. That is, interests of the non-owners could be tried as well as the issues regarding the value of the two pieces taken, with one trial as to each of those pieces and the property interests involved in each piece. After verdicts on those matters, the jury could be provided the evidence and argument on the remaining issue of consequential damages to the parcel remaining after both strips were taken. The jury could then see realistically the result of the two nearly simultaneous takings which were in effect one taking at the same time and for the same purpose and by the same condemnor. The damage to the remainder is singular from the standpoint of the owners; it would be unrealistic to try to prove the value with one bite out instead of two because both affected it. Or at least the trial court could consider this in exercising its discretion.

I cannot say, however, that consolidating all issues, despite the partial consolidation allowed in OCGA § 9-11-42 (a), was an abuse of discretion.

Thus I agree that the order of the trial court be affirmed.

DEEN, Presiding Judge, dissenting.

The majority opinion, as did the court below, has concluded that the interests of justice and judicial economy will be served by consolidation of the two condemnation proceedings. Because I believe such consolidation, even though it promotes judicial economy, still requires the consent of all the parties, I must respectfully dissent.

"Though the law generally favors the prevention of a multiplicity of actions, it appears that condemnation law in Georgia rather strictly limits the relevant evidence in condemnation cases and therefore separate suits for different kinds of damages are not uncommon." *Simon v. Dept. of Transp.*, 245 Ga. 478, 479 (265 SE2d 777) (1980). Generally, consequential damages to the remainder of the tract of land taken are appropriately considered in a condemnation proceeding, "but a separate owner's claim for consequential damages to his land contiguous to the tract where the taking occurs cannot be asserted in a condemnation action." *Ga. Power Co. v. Bray*, 232 Ga. 558, 560 (207 SE2d 442) (1974). See also *Gaines v. City of Calhoun*, 42 Ga. App. 89 (155 SE 214) (1930).

In the instant case, where the two tracts of land are connected but not entirely contiguous and are commonly owned by the appellees, consolidation of the trials perhaps was neither required by judicial economy nor unwarranted for lack of a common factual or legal denominator. OCGA § 9-11-42 (a), however, requires consent of all

the parties to the consolidation, *Carter v. Witherspoon*, 228 Ga. 485 (186 SE2d 534) (1971), and the appellant never waivered in its denial of that requisite consent. For that reason, I believe that the trial court had no authority to consolidate the two condemnation proceedings below.

The majority opinion accepts the appellees' contention that in consolidating the two proceedings the trial court acted within its discretion granted by OCGA § 32-3-17.1, which provides that the court may "make such orders and give such directions as are necessary to speed the cause, and as may be consistent with justice and due process of law." If this special statutory provision can be read as conflicting with the Civil Practice Act's provision on consolidation, of course, the special provision would apply. OCGA § 9-11-81; *Dept. of Transp. v. Forrester*, 149 Ga. App. 647 (255 SE2d 115) (1979). I find no real conflict, however, since by its terms OCGA § 32-3-17.1 addresses the court's power to expedite an individual condemnation proceeding, rather than its authority to consolidate two separate but related actions for the sake of judicial economy.

I respectfully dissent.

CARLEY, Judge, dissenting.

I reluctantly concur with Presiding Judge Deen's dissent to the effect that the trial court's order consolidating these two condemnation cases should be reversed. I say "reluctantly" because for the reasons stated by the trial judge and for the reasons stated in the majority opinion, these two cases should be consolidated in the interest of justice as well as to promote judicial economy. However, Section 42 (a) of our Civil Practice Act (OCGA § 9-11-42 (a)) provides as follows: "When actions involving a common question of law or fact are pending before the court, *if the parties consent*, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." (Emphasis supplied.) It is to be noted that Rule 42 (a) of the Federal Rules of Civil Procedure, from which our Civil Practice Act was adapted, does *not* require consent of the parties: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Thus, we must assume that the General Assembly, in adapting the Federal Rules of Civil Procedure to be our Civil Practice Act, intentionally inserted the requirement of consent. See Journal, House of Representatives, State of Ga., Reg. Session 1966, pp. 1836, 1837, 2151.

Nevertheless, if viewed in a vacuum, our adaptation of Rule 42 (a) as Section 42 (a) of the Civil Practice Act could also be construed so as to authorize discretion in the trial court with respect to *consolidation*. This is so because as Section 42 (a) of the Civil Practice Act is structured, the words "if the parties consent" come before the semicolon and could be interpreted as referring *only* to the power of the court to "order a joint hearing or trial of any or all of the matters in issue in the actions." Under such interpretation, the consolidation of actions and the making of such orders "concerning proceedings therein as may tend to avoid unnecessary costs or delay" would be discretionary. However, notwithstanding the viability of such interpretation from an abstract standpoint, our Supreme Court has spoken otherwise. In *Carter v. Witherspoon*, 228 Ga. 485, 487 (186 SE2d 534) (1971), the court held that under Section 42 of the Civil Practice Act, "consolidation requires *consent* of the parties and here there was none." (Emphasis in original.) See also *Wright v. Thompson*, 236 Ga. 655, 657 (225 SE2d 226) (1976).

Moreover, notwithstanding the fairness implicit in the majority opinion, I do not agree with its conclusion that there is a conflict between OCGA § 9-11-42 (a) and OCGA § 32-3-17.1, and that, therefore, the latter statute controls, authorizing the court to order consolidation of two separate condemnation proceedings. OCGA § 32-3-17.1 gives the court the authority to "make such orders and give such directions as are necessary to speed *the cause*, and as may be consistent with justice and due process of law . . . ." (Emphasis supplied.) As recognized by Presiding Judge Deen's dissent, this statute clearly refers to the court's authority to expedite an individual condemnation proceeding. It does not give the court the power to consolidate separate condemnation actions. Accordingly, OCGA § 9-11-42 (a) governs, and, because there was no consent to consolidation in the instant case, I believe that the trial court's order of consolidation should be reversed. Therefore, I respectfully dissent.

I am authorized to state that Presiding Judge Banke joins in this dissent.