**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**September 19, 2012**

# In the Court of Appeals of Georgia

A12A1334. POSTELL v. BOARD OF COMMISSIONERS OF
HOUSTON COUNTY.

ANDREWS, Judge.

Crandall Postell's great-grandfather died intestate in 1949. No administrator was ever appointed for his estate, which includes 101.26 acres in Houston County. On May 25, 2011, the Houston County Board of Commissioners, which sought to build a road using a small parcel of the property, filed a petition for condemnation and a declaration of taking and deposited the targeted property's fair market value into the court registry. On July 25, the County dismissed this first petition; two days later, it filed a second condemnation petition and declaration of taking. On August 9, the court issued an order condemning the property in favor of the Board. On August 22, Postell's mother executed a quitclaim deed concerning the property in her son's

favor. On August 23, Postell responded to the condemnation petition and filed a motion to set aside the condemnation on grounds including that he was an heir to the property, that the Board had not followed the procedures laid out in OCGA § 32-3-1 et seq., and that the Board had discriminated against him on the basis of his race and class. After a hearing, the trial court dismissed Postell's objections on the ground that at the time title to the property passed to the Board, he had no interest in it and thus no standing to object.

On appeal, Postell argues pro se that the trial court erred when it dismissed his claims and that the condemnation proceedings violated the Georgia and United States Constitutions. We disagree.

1. OCGA § 32-3-4 (a) provides that a state agency, county or municipality may initiate "a proceeding in rem in the superior court of the county having jurisdiction condemning the property or interests to the use of the petitioner upon payment of just and adequate compensation therefor to the person or persons entitled to such payment." OCGA §§ 32-3-5 and 32-3-6 detail the contents of a proper condemnation petition, including a declaration of taking and an estimate of just compensation. And OCGA § 32-3-7 (a) provides:

2

*Upon the filing of the declaration of taking and the deposit into court*, which deposit shall be made at the time the declaration of taking is filed to the use of the persons entitled thereto, of the sum of money estimated in the declaration by the condemning authority to be just compensation, *title to the property* in fee simple absolute or such lesser interest as is specified in the declaration *shall vest in the condemnor; the land shall be deemed to be condemned and taken for the use of the condemnor; and the right to just compensation for the same shall vest in the persons entitled thereto.*

(Emphasis supplied.) Thus, as the Supreme Court of Georgia has held, a petition for condemnation "is not a mere pleading but an instrument which passes title when filed and just and adequate compensation is paid into court[.]" *Dorsey v. Dept. of Transportation*, 248 Ga. 34, 36 (279 SE2d 707) (1981). Our Supreme Court has also held that the condemnation statute "does not offend the due process guarantees of either the state or federal constitutions" as long as the statute's requirements are "strictly conformed to by the condemning body." Id. at 36-37, citing *Coffee v. Atkinson County*, 236 Ga. 248 (223 SE2d 648) (1976).

As the trial court held, and as OCGA § 32-3-7 (a) provides, title to the land at issue here passed to the County when it filed its petition accompanied by a declaration of taking and a deposit of funds estimated to be just compensation – that

3

is, on July 27, 2011. Postell has made no evidentiary showing that he had any legally cognizable right in the property, whether as heir, remainderman, or otherwise, before the transfer of title on that date. See OCGA § 22-2-131 (4) (requiring petition to set out "[a] description of any unknown persons or classes of unknown persons whose *rights* in the property or interest are to be affected"); see also *Anderson v. Lynch*, 188 Ga. 154, 163 (3) (3 SE2d 85) (1939) (where covenantees were "not the owners of any interest in the real estate about to be used by the county, they could not enjoin the establishment of the road merely because of a claim for incidental or consequential damages"). Postell's mother's execution of a quitclaim deed some weeks after the transfer of title to the County could have no effect on this result.

2. As the County has noted, the trial court disposed of Postell's defenses and countersuit on the ground that Postell had no standing, and never ruled on his constitutional arguments. Because the trial court's ruling was correct, we have no other issue to review on appeal. See *Airasian v. Shaak*, 289 Ga. App. 540, 542 (1) (657 SE2d 600) (2008) (failure to obtain an express ruling on a constitutional question waives its consideration on appeal).

For these reasons, the trial court did not err when it dismissed Postell's motion to set aside the condemnation.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*