A93A1173. CLARK et al. v. SCHWARTZ.
(436 SE2d 759)

McMURRAY, Presiding Judge.

Plaintiff Schwartz originally filed this action seeking an account-

---

ing following the dissolution of an alleged partnership for the practice of law. Defendants Clark & Smith, P. C., Emory L. Clark and Hoke Smith III denied that they had ever been in a partnership with plaintiff. The original complaint was replaced in toto by an amended complaint which stated an action for damages and sought to recover the value of plaintiff Schwartz's interest in the alleged partnership. Upon the trial of the case, a jury returned a verdict in favor of plaintiff in the amount of $84,265.66, including prejudgment interest, and against defendants Clark and Smith. Defendants appealed and raise several issues including whether the evidence presented at trial was sufficient to authorize the jury's verdict. *Held*:

We find that the evidence and law requires a conclusion that there was no partnership, and consequently the verdict awarding the value of an interest in a partnership was not authorized. The trial court erred in entering a judgment predicated on the verdict of the jury and in denying defendants' motions for directed verdict, j.n.o.v., and new trial predicated on the insufficiency of the evidence.

"A partnership is an association of two or more persons to carry on as co-owners a business for profit." OCGA § 14-8-6 (a). A partnership results from a contract, either express or implied. *Huggins v. Huggins*, 117 Ga. 151, 155 (1) (43 SE 759). A contract is not complete and enforceable until there is a meeting of the minds as to all essential terms. OCGA § 13-3-2; *Reichard v. Reichard*, 262 Ga. 561, 564 (2) (423 SE2d 241); *Sierra Assoc., Ltd. v. Continental Illinois Nat. Bank &c. Co. of Chicago*, 169 Ga. App. 784, 791 (3b) (315 SE2d 250).

In the case sub judice, the scales of justice are heavily weighted by substantial evidence on both sides of the question of whether there was a partnership agreement. However, there is no proof of a meeting of minds as to at least one essential term, what portion of the alleged partnership was plaintiff's. Plaintiff's amended complaint alleges: "There was never an agreement reached between Plaintiff on the one hand, and Defendants on the other, as to Plaintiff's exact percentage interest in the partnership with Defendants in the law firm." This allegation was borne out by the evidence at trial. At the same time the evidence rebutted any presumption in favor of an equal division of ownership shares among partners since it was uncontroverted that Clark and Smith were to retain a disproportionate share of the alleged partnership. Under these circumstances the jury lacked any rational basis upon which they could derive from the evidence, as to the value of the purported partnership, the value of plaintiff's interest therein. The jury's verdict must be viewed as predicated on speculation and thus void.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 14, 1993 —
RECONSIDERATION DENIED OCTOBER 28, 1993

*Smith, Howard & Ajax, John A. Howard, Maria A. Salterio, Kenneth B. Hodges III*, for appellants.
*Kutak & Rock, Thomas R. Todd, Jr., Angela M. Gottsche*, for appellee.