A97A0632. JOHNSON et al. v. OCONEE STATE BANK.
(487 SE2d 369)

BEASLEY, Judge.

Appellants Hiram and Connie Johnson sued Oconee State Bank, alleging breach of a contractual obligation to provide the Johnsons with long-term financing for the purchase of certain commercial property. The bank sought and won summary judgment on the ground that the parties' agreement created no such obligation.

The bank agreed to loan the Johnsons $480,000 to finance their purchase of the property. A November 5, 1987, letter from bank loan officer Hansford to the Johnsons set forth five "terms and conditions" to which the loan commitment was subject. The first condition was as follows:

"Real estate note for a term of twelve (12) months at an agreed interest rate of prime plus 2%, adjusted monthly; eleven (11) monthly installments of $200.00 plus interest beginning December 5, 1987 and continuing on the same day of each month with a twelfth and final payment of all remaining unpaid principal balance and all accrued interest due and payable on or before November 5, 1988. Provided, however, Borrowers should not otherwise be in default of said note or of the terms and conditions, in lieu of said final installment, the privilege is hereby reserved to renew said note for the amount of the remaining principal balance for an additional twelve (12) month term, at a rate of interest then to be negotiated and agreed upon between Borrowers and Oconee State Bank. Total payout is not to exceed twenty (20) years."

The Johnsons signed the November 5 letter at the closing, thereby accepting its terms and conditions. They obtained the loan from the bank by also executing a promissory note, a payment sched-

ule and a warranty deed given as security. Hiram Johnson testified that he understood that the bank agreed to continue permanent financing through a series of notes to be executed annually at a rate of prime plus two percent for twenty years, adjusted annually, if he and his wife were not in default after making the first eleven installment payments on the first note. He testified that he and his wife were not in default after the first 11 payments. They did not make the twelfth payment of the balance of the principal.

In either December 1988 or January 1989, the bank presented the Johnsons with a new promissory note requiring a monthly payment of approximately $9,400. Because the Johnsons could not afford such a payment, they began to seek alternative financing. Pending that, they continued making monthly payments of interest on the loan.

In February 1989, the bank sent the Johnsons a letter informing them that it was necessary that they sign another note. They did so on April 6, 1989, and the one-year renewal note bore a principal amount of $477,800. It provided for installment payments of principal payable in eleven monthly installments of $3,982 each, a twelfth and final payment of all remaining unpaid principal and accrued interest, and interest on the unpaid principal balance payable monthly at a rate of two percent above the bank's prime lending rate adjusted monthly.

In a prior action by the bank against the guarantors of its loan to the Johnsons, bank president Head testified that in the November 5 letter the bank gave the Johnsons an option to renew the original note for an additional 12 months if they were not in default, that it agreed to provide long-term financing through a series of 12-month renewals based on an amortization schedule not greater than a 20-year payout, and that it fulfilled the latter commitment in both the original note and the 12-month renewal. Also in that action, Hansford, who drafted the commitment letter, testified that the bank had agreed to provide permanent financing to the Johnsons so long as they were not in default, although the bank could increase the monthly payments of principal upon renewal of the original note. In this appeal, the Johnsons contend that a jury must decide whether the bank was contractually obligated to provide long-term financing at the interest rate specified in the original note.

Taken together, the promissory note, warranty deed, and commitment letter constituted the agreement of the parties. See *Grant v. Fourth Nat. Bank of Columbus*, 229 Ga. 855, 864 (4) (a) (194 SE2d 913) (1972). Where the terms of the agreement are ambiguous, the intention of the parties is a question for the jury. *Williams v. McCoy Lumber Indus.*, 146 Ga. App. 380, 383 (3) (246 SE2d 410) (1978). On the other hand, where the terms of the agreement are clear and

unambiguous, the court will look only to the agreement to find the parties' intention. OCGA § 13-2-3; *Hunsinger v. Lockheed Corp.*, 192 Ga. App. 781, 783 (1) (386 SE2d 537) (1989).

Whatever ambiguities existed in the terms and conditions of the commitment letter, by its plain and unambiguous terms the letter did not obligate the bank to provide long-term financing. In the letter, the bank clearly agreed to provide financing under a 12-month note at an agreed interest rate, and it arguably agreed to renew the note for an additional 12 months at an interest rate to be negotiated and agreed upon if the Johnsons were not in default. Potential long-term financing was conditioned on the parties reaching mutuality in later market conditions, after a payment history. Any obligation by the bank to renew the note for even the additional 12 months was unenforceable under the principle that "[u]nless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. [Cits.]" *Malone Constr. Co. v. Westbrook*, 127 Ga. App. 709 (194 SE2d 619) (1972). "A contract is not complete and enforceable until there is a meeting of the minds as to all essential terms. [Cits.]" *Clark v. Schwartz*, 210 Ga. App. 678, 679 (436 SE2d 759) (1993). The interest payable on a loan is an essential term. See *Bridges v. Reliance Trust Co.*, 205 Ga. App. 400, 403 (2) (422 SE2d 277) (1992).

The bank was entitled to summary judgment.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 9, 1997 —
RECONSIDERATION DENIED JUNE 2, 1997.

Before Judge Barrow.
*Hicks & Massey, Frederick V. Massey*, for appellants.
*J. Hue Henry, Regina M. Quick*, for appellee.