A03A1230. CITY OF ATLANTA v. YUSEN AIR & SEA SERVICE
HOLDINGS, INC. et al.
(587 SE2d 230)

RUFFIN, Presiding Judge.

Citing OCGA § 32-3-1 et seq., the City of Atlanta ("the City") petitioned to condemn property owned by Yusen Air & Sea Service Holdings, Inc. and occupied by Yusen Air & Sea Service (USA), Inc. (collectively, "Yusen"). The trial court granted the petition and condemned the property. Yusen subsequently moved to set aside the taking under OCGA § 32-3-11. The trial court granted Yusen's motion, and the City appeals.[1] For reasons that follow, we affirm.

1. A trial court may set aside, vacate, or annul a declaration of taking under OCGA § 32-3-11 "in the following situations — fraud or bad faith, the improper use of the condemnation powers, the abuse or misuse of the condemnation powers, and 'such other questions as may properly be raised.' "[2] We will not reverse the trial court's findings on such issues if those findings are supported by any evidence.[3]

The record shows that, on December 11, 2001, the Atlanta City Council adopted an ordinance authorizing the City to acquire property for an expansion of Hartsfield International Airport known as the Fifth Runway Project. As stated in the ordinance,

> the public necessity for immediately acquiring all of the property within the limits of the established boundaries of said Fifth Runway Project to serve the above stated purposes is hereby declared; and, further, a finding is hereby made that the circumstances are such that it is necessary to proceed with condemnation proceedings by use of declarations of taking as a method of condemnation, as authorized by O.C.G.A. § 32-3-1, et seq., and use of that method is hereby authorized for acquisition of properties within the [project boundaries].

---

[1] The City has attached to its brief numerous documents that are not part of the appellate record. Court of Appeals Rule 23 (f) prohibits us from considering such attachments on appeal.

[2] (Punctuation omitted.) *Habersham Downs Homeowners' Assn. v. Dept. of Transp.*, 212 Ga. App. 686, 687 (442 SE2d 868) (1994).

[3] See id.

The ordinance further directed the City Attorney or her designee

> in each instance and with respect to each parcel of real prop-
> erty located within the project boundaries to institute con-
> demnation proceedings in the name of the City of Atlanta for
> the quick and effective condemnation of said properties and
> of every interest therein, for the public uses above set forth,
> as provided by the Constitution of the State of Georgia and
> to use the Declaration of Taking method as provided in the
> above referenced laws or in the alternative the Special
> Master method of taking as provided in the Georgia Code,
> O.C.G.A. § 22-2-100, et seq.

On July 1, 2002, the City petitioned to condemn Yusen's property pursuant to the ordinance and OCGA § 32-3-1 et seq. In connection with its petition, the City filed a declaration of taking and deposited with the trial court $2,400,000, the estimated just and adequate compensation for the property. That same day, the trial court entered a condemnation order directing Yusen to surrender the property to the City within 30 days.

Following the condemnation, Yusen moved to set aside, vacate, and annul the taking. It argued, among other things, that the City's declaration of taking failed to comply with OCGA § 32-3-6 because the authorizing ordinance allowed the City Attorney to choose between two alternative taking methods. The trial court granted Yusen's motion. We find no error.

A condemning authority may acquire property for transportation purposes through the declaration of taking method set forth in OCGA § 32-3-1 et seq. or through the various other methods, such as the Special Master procedure, provided in Title 22 of the Code.[4] Under the declaration of taking method, title vests in the condemnor — and the property is condemned — once the condemnor files its declaration of taking and deposits into the court's registry the sum it has estimated as just compensation.[5] In contrast, the Special Master method requires an evidentiary hearing on all disputed issues before the condemnation takes place.[6] Following the hearing, the Special

---

[4] See OCGA §§ 32-3-2 ("All acquisition of property or interests for public road and other transportation purposes shall proceed under the methods set out in this article and in Title 22."); 22-2-100 et seq. (establishing the Special Master method); *Back v. City of Warner Robins*, 217 Ga. App. 326, 327 (1) (457 SE2d 582) (1995) ("[W]hen taking property for transportation purposes, a condemnor may choose to use either the procedures set forth in OCGA § 22-2-1 et seq. *or* those set forth in OCGA § 32-3-4 et seq.").

[5] OCGA § 32-3-7 (a).

[6] See OCGA § 22-2-102; *Allen v. Hall County*, 156 Ga. App. 629, 631 (1) (275 SE2d 713) (1980) (" 'Though the primary duty of the special master is to ascertain the value of the property sought to be condemned, the special master is authorized to hear and determine any

Master issues an award, which "condemn[s] and vest[s] title to the property or other interest in the condemning body upon the deposit by that body of the amount of the award into the registry of the court."[7]

Thus, unlike the Special Master method, a declaration of taking contemplates an immediate title transfer without an evidentiary hearing. Noting this immediate result, our Supreme Court has found that, "to ensure due process to the property owner," the condemning body must strictly conform to the requirements of OCGA § 32-3-1 et seq.[8] A declaration of taking that fails to comply with the statute does not vest title in the land to the condemnor.[9]

The record shows that the City's declaration of taking violates OCGA § 32-3-6 and, consequently, cannot vest title in the City. Under OCGA § 32-3-6 (b) (6), the declaration must "contain or have annexed thereto . . . [a] certified copy of an order by the . . . municipality . . . finding that the circumstances are such that it is necessary to proceed in the particular case under this article, and specifically authorizing condemnation under this article." The City's declaration references the attached ordinance, which contains a "finding" that the declaration of taking method is "necessary" to acquire land for the project. In the next paragraph, however, the ordinance authorizes the City Attorney to use that taking method or, alternatively, the Special Master method.

Our rules of statutory construction require that we give "[w]ords used in a statute . . . their ordinary and common meaning where the statutory language is plain and unambiguous."[10] Furthermore, "[a]ll words of a statute should be given effect, and a statute should not be construed so as to render any language meaningless or mere surplusage."[11] OCGA § 32-3-6 (b) (6) plainly requires a municipal finding that proceeding through the declaration of taking method is *necessary*. The word "necessary" means essential or indispensable.[12]

---

legal objections that may be raised by the parties, including, for example, the right of the condemnor to condemn, the interest to be condemned, the nature of the interest taken and the effect of the condemnation upon the respective rights of the parties.' ").

[7] OCGA § 22-2-110 (a)-(b).

[8] *Dorsey v. Dept. of Transp.*, 248 Ga. 34, 37 (279 SE2d 707) (1981). See also *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124, 131-132 (3) (b) (337 SE2d 327) (1985). In fact, our Supreme Court has stated generally that all condemnation procedures must be strictly construed because "the taking or injuring of private property for public benefit is the exercise of a high power, and all the conditions and limitations provided by law, under which it may be done, should be closely followed." (Punctuation omitted.) Id.

[9] See *Dorsey*, supra.

[10] *William L. Bonnell Co. v. Coweta County Bd. of Tax Assessors*, 252 Ga. App. 151, 152 (1) (a) (556 SE2d 159) (2001).

[11] Id.

[12] See Webster's New World Dictionary (3rd college ed. 1988), p. 905.

Although the City claims that the city council met this requirement here, we fail to see how the declaration of taking method can be necessary or essential when the council also contemplated and specifically authorized use of an alternative method. In short, the council nullified its necessity finding by permitting use of the Special Master method to acquire the property. Any other conclusion ignores the statute's language, as well as the legislature's clear intent that the declaration of taking method, and its immediate title transfer, be employed only when necessary.[13] Accordingly, the trial court properly set aside the taking of Yusen's property.[14]

2. The City's motion for expedited review is dismissed as moot. *Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 5, 2003.

*Holland & Knight, James M. Hunter, Jason P. Wright, Cheryl A. Barnes, Laurie W. Daniel,* for appellant.

*Glaze, Glaze, Harris & Arnold, Kirby A. Glaze, Joe M. Harris, Jr.,* for appellees.

---

[13] See OCGA § 32-3-6 (b) (6).

[14] Although the trial court found that the City's declaration violated OCGA § 32-3-6 (b) (6), it ultimately couched its ruling in terms of an improper delegation of legislative authority. Nevertheless, we will affirm a judgment that is right for any reason. See *Precise v. City of Rossville,* 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).