A05A1626. ANTOSKOW & ASSOCIATES, LLC et al.
v. GREGORY.
(629 SE2d 1)

MIKELL, Judge.

In this contract action, Antoskow & Associates, LLC ("Antoskow, LLC") and its owner, Christopher Antoskow (collectively referred to herein as the "Antoskow Defendants"), appeal the trial court's order granting summary judgment to Carolyn Gregory and denying their motion for summary judgment. We affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[1] We conduct a de novo review of the evidence when reviewing a grant or denial of summary judgment.[2] The record shows that Antoskow, LLC, entered a contract to sell real property known as the Jessica-Morgan building in Cobb County (the "subject property") on September 27, 2002. Antoskow, LLC, was unable to close on the sale of the subject property because the title search disclosed an order entered on August 12, 2002, which provided, in pertinent part, that Antoskow could not "sell, encumber, trade, damage, contract to sell, or otherwise dispose of . . . any of the property . . . of [Gregory]."[3] In an attempt to clear the title of the subject property so that he could proceed with the sale, Antoskow forwarded to the judge who entered the order the warranty deed, which showed that he was the sole owner of the subject property, and requested clarification of the order. After the judge refused to revise the order, Antoskow, LLC, filed the

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] *Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755 (500 SE2d 638) (1998).

[3] The order was entered in connection with a separate action filed by Gregory against Antoskow.

instant complaint for declaratory judgment and equitable relief against Gregory,[4] seeking a declaration that the subject property was not affected by the order because it was not owned by Gregory and that the document, upon which the order was based, entitled "In Death Do Us Part," was unenforceable.

Gregory filed her answer and counterclaim, asserting various claims including breach of contract. Gregory alleged that she provided substantial labor and money to the improvement of the subject property, that Antoskow consented to the partnership in exchange for the labor and money and agreed to repay the money, and that Antoskow prepared the "In Death Do Us Part" document to memorialize their partnership. Gregory also filed a motion to join Antoskow as a counterclaim defendant, which was granted.

The parties filed cross motions for summary judgment. Gregory argued that the "In Death Do Us Part" document was an enforceable contract, and the Antoskow Defendants argued that the document was unenforceable for lack of consideration flowing from Gregory. The trial court entered its order, which granted Gregory's motion and denied that of the Antoskow Defendants. Therein, it concluded that the document was an enforceable contract and that Gregory's status as a partner constituted consideration for Antoskow's promise to give her a percentage of the proceeds from the sale of the subject property. Additionally, since it was undisputed that the parties were no longer together, the court found that Gregory was entitled to 20 percent of the proceeds.[5]

We review the trial court's construction of the contract de novo.[6]

> The construction of contracts involves three steps. At least initially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of

---

[4] Antoskow and Gregory were involved in a long personal relationship and had resided together for more than ten years before this action commenced.

[5] The property was sold on July 19, 2004, and 20 percent of the proceeds were placed in escrow in the court's registry.

[6] *Northen v. Tobin*, 262 Ga. App. 339, 342 (2) (585 SE2d 681) (2003); *Buckmon v. Futch*, 237 Ga. App. 67, 69 (1) (514 SE2d 863) (1999).

what the ambiguous language means and what the parties intended must be resolved by a jury.[7]

The document which is the subject of this appeal provides, in part, that:

> On this day, January 18, 2000, I, Christopher P. Antoskow, will state the following: If I, Christopher P. Antoskow, dies with out [sic] Carolyn M. Gregory, and we are still together, she will receive 30% of the Jessica-Morgan Building. . . . If Christopher P. Antoskow and Carolyn M. Gregory are not together at that time she will receive 20%. In any case in incident, Carolyn M. Gregory [will receive][8] a percentage as a partner in ownership of this property. On the sale of said property, Carolyn Gregory, will receive the said above percentage of whatever the total sale may be at the time of the sale of the property. This was agreed upon by both parties involved in this legal document.

The document was signed by Antoskow and Gregory. The Antoskow Defendants maintain that the document was not an enforceable contract because it lacked consideration and that the trial court's finding that Gregory's assent to partnership supplied that consideration was erroneous. We disagree on both points.

A partnership can result from a contract, which may be either express or implied.[9] "Factors that indicate the existence of a partnership include a common enterprise, the sharing of risk, the sharing of expenses, the sharing of profits and losses, a joint right of control over the business, and a joint ownership of capital."[10] But the true test to determine whether a partnership has been created is the intention of the parties.[11] "The language which the parties used in making the contract is to be looked to in determining what their intention was, which when ascertained will prevail over all other considerations."[12] In the instant case, the document unambiguously stated that Gregory was a partner in ownership of the subject property.[13]

---

[7] (Citation omitted.) *Schwartz v. Harris Waste Mgmt. Group*, 237 Ga. App. 656, 660 (2) (516 SE2d 371) (1999).

[8] Added as a handwritten correction and initialed by "CPA."

[9] *Clark v. Schwartz*, 210 Ga. App. 678, 679 (436 SE2d 759) (1993).

[10] (Footnote omitted.) *Aaron Rents, Inc. v. Fourteenth Street Venture, L.P.*, 243 Ga. App. 746, 747 (1) (533 SE2d 759) (2000), aff'd, 274 Ga. 28 (549 SE2d 348) (2001).

[11] Id. at 747-748 (1).

[12] (Citation omitted.) *Chalkley v. Ward*, 119 Ga. App. 227, 234 (3) (166 SE2d 748) (1969). Accord *Hayes v. Irwin*, 541 FSupp. 397, 415 (N.D. Ga. 1982).

[13] In *Accolades Apts. v. Fulton County*, 267 Ga. App. 197 (598 SE2d 910) (2004), this Court

Gregory's assent to partnership constituted consideration because a person who allows herself to be held out as a partner in a business is bound for the partnership contracts.[14] "Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom it is made, is sufficient consideration to sustain a contract."[15]

We reject the Antoskow Defendants' alternate argument that the document was ambiguous. "Ambiguity exists where contract language is indistinct, duplicitous, or has an uncertain meaning."[16] Where no ambiguity exists, as is the case here, construction is unnecessary, and we simply enforce the contract according to its clear terms.[17] Accordingly, applying the rules of contract construction, we agree with the trial court that the document was an enforceable contract, which evidenced a partnership, and Gregory's assent to partnership constituted adequate consideration.

The Antoskow Defendants attached to their appellate brief the affidavits supplied by each party in support of their motion for summary judgment,[18] as further evidence of the parties' intent when they executed the "In Death Do Us Part" document. In light of our conclusion that the subject document was unambiguous, however, we need look to no other documents to discern the parties' intent.[19] Nonetheless, we note that

a brief or an attachment thereto cannot be used in lieu of the record for adding evidence to the record. The clerk of the trial court has the duty to certify and transmit the record to this court. Transmittal by a party or attorney is prohibited. Moreover, documents attached to an appellate brief, which

---

held that where there was no other evidence of the parties' intent to form a partnership, a filed statement of partnership, alone, did not conclusively establish its existence. Relying thereon, the Antoskow Defendants argued that the single reference in the document, "partner in ownership," was not sufficient to create a partnership. However, *Accolades Apts.* was reversed. The Supreme Court held that "[w]here parties distinctly agree among themselves to become partners, there is no reason why the law should not take them at their word, even though an agreement falls short of the facts from which the law would otherwise have inferred a partnership." (Punctuation and footnote omitted.) *Accolades Apts. v. Fulton County*, 279 Ga. 257, 259 (1) (612 SE2d 284) (2005).

[14] *Time Financial Svcs. v. Hewitt*, 139 Ga. App. 270, 272-273 (5) (228 SE2d 176) (1976).

[15] (Citation and punctuation omitted.) *Mann Elec. Co. v. Webco Southern Corp.*, 194 Ga. App. 541, 543 (2) (390 SE2d 905) (1990).

[16] (Citation omitted.) *Reichman v. Southern Ear, Nose & Throat Surgeons*, 266 Ga. App. 696, 699 (1) (598 SE2d 12) (2004).

[17] *Caswell v. Anderson*, 241 Ga. App. 703 (527 SE2d 582) (2000).

[18] In their appellate brief, the Antoskow Defendants stated that a motion to supplement the record would be filed to include the affidavits in the appellate record. No such motion was filed.

[19] *Schwartz v. Harris Waste Mgmt. Group*, supra.

have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, will not be considered on appeal. Thus, we cannot consider documents attached to appellate briefs unless they have been forwarded to this court by the trial court, not by a party or attorney, and made a part of the record on appeal.[20]

Therefore, even had we determined that the document was ambiguous, we could not consider these affidavits as evidence.[21]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 14, 2005 —
RECONSIDERATION DENIED MARCH 27, 2006 — ▮▮▮▮▮▮▮

*Brock & Clay, Richard W. Calhoun,* for appellants.
*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider, Angele Rishi,* for appellee.

---

[20] (Punctuation and footnotes omitted.) *In re Estate of Dorroh*, 255 Ga. App. 366, 367 (565 SE2d 565) (2002).

[21] See Court of Appeals Rule 24 (g); *City of Atlanta v. Yusen Air & Sea Svc. Holdings*, 263 Ga. App. 82, n. 1 (587 SE2d 230) (2003).